UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

LEON J. HORNE                                         CIVIL ACTION

VERSUS                                                NO: 09-5509

BURL CAIN, WARDEN                                     SECTION: R(3)

## ORDER AND REASONS

Before the Court is Leon J. Horne's Motion to Reopen the Time to File an Appeal.[1]  Because Horne has not satisfied the requirements of either Rule 4(a)(5) or 4(a)(6) of the Federal Rules of Appellate Procedure 4(a)(6), the Court DENIES Horne's motion.

## I.    BACKGROUND

Horne is a Louisiana state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  On August 12, 2009, Horne filed a petition in this Court challenging his state court conviction under 28 U.S.C. § 2254 based on a claim for ineffective assistance of counsel.[2]  On February 24, 2010, the Magistrate Judge issued a report recommending denial of Horne's

---

[1]    (R. Doc. 25.)

[2]    (R. Doc. 1.)

petition because Horne had not filed his petition within AEDPA's one-year limitation period and because Horne was not entitled to either statutory or equitable tolling.[3]  Horne had 14 days following the Magistrate Judge's issuance of his report and recommendation to file an objection.  *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).  Yet, Horne did not do so until March 17, 2010.  On March 29, 2010, the Court approved the Magistrate Judge's report and recommendation and adopted it as its opinion.[4]  Judgment was entered on March 31, 2010.  Horne did not file a timely notice appeal.

   Horne filed the instant Motion to Reopen the Time to File an Appeal on July 26, 2010.[5]  In it, Horne claims to have placed a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure in the prison mail on April 5, 2010.[6]  Along with his motion, Horne has included a copy of his motion to alter or amend judgment, which includes Horne's certification

---

   [3]   (R. Doc. 21 at 10-17.)

   [4]   (R. Doc. 23.)

   [5]   (R. Doc. 25.)

   [6]   (*Id.* at 2.)

that he placed it in the mail on April 5, 2010.[7]  Horne also submits copies of letters exchanged between him and the Clerk of Court:  On May 31, 2010, Horne wrote to the Clerk of Court asking whether the Court had ruled on his motion.[8]  The Clerk responded to Horne's letter on June 4, 2010, explaining that it had "no record of receiving a Motion To Alter and Amend Judgment."[9]  Then, in a letter dated June 14, 2010, Horne wrote to the Clerk's office, asking it to "please check your mail room to see if [the motion] has been found."[10]  On July 2, 2010, the Clerk's office responded, stating, "Again, this office has no record of receiving a Motion To Alter And Amend Judgment from you."[11]

## II.  DISCUSSION

Rule 4 of the Federal Rules of Appellate Procedure provides that "the notice of appeal required by Rule 3 must be filed with the district court clerk within 30 days after the judgment or order appealed from is entered."  Fed. R. App. P. 4(a)(1).  It is

---

[7]     (*Id.* at 12.)

[8]     (*Id.* at 13.)

[9]     (*Id.* at 14.)

[10]    (*Id.* at 15.)

[11]    (*Id.* at 17.)

undisputed that Horne did not file a notice of appeal within the 30-day period. The time to file a notice of appeal, however, can be tolled by the filing of a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Fed. R. App. P. 4(A)(iv); *see also* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Along with the instant motion to reopen the time to file an appeal, Horne attaches a motion to alter or amend judgment,[12] which he claims to have timely sent to the clerk of court. As such, the Court first addresses whether Horne's motion to alter or amend judgment tolled the time for filing a notice of appeal.

Rule 59(e) provides that a motion to alter or amend judgment "must be filed no later than 28 days after the entry of judgment." Horne signed and dated the certificate of service for his motion to alter or amend judgment on April 5, 2010.[13] As an incarcerated prisoner, Horne is entitled to the benefit of the "mailbox rule," under which a prisoner's pleading is deemed filed when it is handed to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 274-75 (1988). To invoke the benefit of

---

[12]   (R. Doc. 25 at 8-12.)

[13]   (*Id.* at 5.)

the mailbox rule, however, an inmate must establish timely filing by a declaration in compliance with 28 U.S.C. § 1746 or other notarized statement, disclosing the date of the deposit and the fact that first-class postage has been prepaid. *See Price v. Philpot*, 420 F.3d 1158, 1165 n.6 (10th Cir. 2005); *Grady v. United States*, 269 F.3d 913, 916-17 (8th Cir. 2001); Fed R. App. P. 4(c)(1). Horne did not comply with this requirement, and the Court is thus unable to conclude that his motion to alter or amend judgment was filed in a timely manner. Accordingly, the time for Horne to file a notice of appeal was not tolled by his motion to alter or amend judgment.

Turning to Horne's Motion to Reopen the Time to File an Appeal, the Fifth Circuit has explained that both Rule 4(a)(5) and 4(a)(6) of the Federal Rules of Appellate Procedure provide an avenue for "rescuing an appeal through a late-filed notice of appeal." *Resendiz v. Dretke*, 452 F.3d 356, 358 (5th Cir. 2006) (quoting *Wilkens v. Johnson*, 238 F.3d 328, 330 (5th Cir. 2001)). Rule 4(a)(5) provides that the district court may extend the time to file a notice of appeal for "excusable neglect or good cause," but only if "a party so moves no later than 30 days after the time prescribed by Rule 4(a) expires." Fed. R. App. P. 4(a)(5)(A). Judgment was entered in this case on March 29, 2010. Yet, Horne did not file the instant motion until July 26, 2010.

As more than 60 days elapsed between entry of judgment and the filing of Horne's motion, the Court could not extend the time for filing a notice of appeal, even if Horne were able to establish "excusable neglect or good cause." *See Resendiz*, F.3d at 359 (explaining that relief under Rule 4(a)(5) was unavailable because petitioner filed his motion over 60 days after entry of judgment).

Nor is extension of the time for filing an appeal appropriate under Rule 4(a)(6). That rule provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
>> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>>
>> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>>
>> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).[14] It is uncontested that Horne received

---

[14] Rule 4(a)(6) allows the district court to grant relief if the specified requirements are satisfied, but the rule does not require it to grant relief, even if the requirements are met. *Jones v. W.J. Services, Inc.*, 970 F.2d 36, 39 (5th Cir. 1992).

notice of entry of judgment within 21 days after entry, as evidenced by Horne's contention that he filed a motion to alter or amend judgment on April 5, 2010.[15]  Even assuming Horne did not receive notice until May 31, 2010 – the date on which he first wrote the Clerk of Court regarding his motion to alter or amend judgment[16] – Horne did not file his motion to reopen until July 26, 2010, substantially more than 14 days later.  Because Horne has not met the requirements of Rule 4(a)(6), the Court may not reopen the time for Horne to file a notice of appeal.  *See Resendiz*, 452 F.3d at 360 (explaining that, unless a Rule 4(a)(6) motion is timely filed, "the court is powerless to reopen the time for filing a notice of appeal") (quoting *Wilkens*, 238 F.3d at 331).

**IV.  CONCLUSION**

For the foregoing reasons, Horne's motion to reopen the time to file a notice of appeal is DENIED.

New Orleans, Louisiana, this 24th day of February, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[15]   (R. Doc. 25 at 12.)

[16]   (*Id.* at 13.)